NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-103-JMH

LATHON J. FLOYD                                                                                PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

DONNA F. WILLIAMS                                                                          DEFENDANT

LaThon J. Floyd ("Floyd") has submitted a *pro se* complaint seeking damages arising out of his criminal prosecution on the charge that he raped the defendant, which Floyd asserts resulted in a verdict of not guilty by a jury in Fayette County, Kentucky [Record No. 2]. The Court has granted Floyd's motion to proceed *in forma pauperis* under 28 U.S.C. §1915 [Record No. 3] by separate Order.

The Court screens *in forma pauperis* complaints pursuant to 28 U.S.C. §1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Floyd is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

**BACKGROUND**

In his complaint, Floyd alleges that the defendant accused him of raping her in a hotel room

located in Lexington, Kentucky, on May 15, 2006. This accusation led to his arrest and indictment on that charge and as a persistent felony offender. On March 14, 2007, a jury seated by the Fayette County Circuit Court found Floyd not guilty on the charge of rape. The basis for Floyd's continued detention in the Fayette County Detention Center is not disclosed in the record. Both the plaintiff and the defendant are residents of Lexington, Kentucky.

## DISCUSSION

Federal courts are courts of limited jurisdiction. The two primary types of cases over which a federal court may exercise jurisdiction are those involving "federal questions" and those involving a "diversity of citizenship." Under the former, the court may exercise jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. In this case, Floyd alleges that the defendant was either "negligent" in reporting the rape or her conduct amounted to malicious prosecution. These claims arise under Kentucky law and do not present a federal question to sustain this Court's jurisdiction. Even had Floyd asserted that the defendant violated his constitutional rights, there does not appear to be any basis to conclude that she acted "under color of state law" as required to sustain a claim for violation of constitutional rights under 42 U.S.C. §1983.

Under the latter basis for jurisdiction, the Court possesses jurisdiction over actions involving citizens of different states and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332. The damages sought by the plaintiff in this case clearly exceed $75,000.00. However, both the plaintiff and the defendant are Kentucky residents. Because Floyd and the defendant are both residents of the Commonwealth of Kentucky, this Court lacks diversity jurisdiction over the claims asserted in the plaintiff's complaint. It must therefore be

dismissed without prejudice.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     Plaintiff LaThon J. Floyd's complaint is **DISMISSED**, without prejudice.

(2)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 16th day of May, 2007



Signed By:

*Joseph M. Hood*

United States District Judge